IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                  23MJ923

ANDREW ALEXANDER ESQUIVEL,

    Defendant.

AMENDED MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Motion for Revocation of Magistrate's Detention Order Pursuant to 18 U.S.C. Section 3145(b) (Appeal to District Court) (Doc. 19), filed June 16, 2023. A hearing on this appeal was not requested and, based on a review of the record, this Court determines a hearing is not necessary.

This Court has reviewed the Criminal Complaint (Doc. 1), the Order of Detention Pending Trial (Doc. 15), Minutes of hearing on June 5, 2023 (Doc 14), Pretrial Services Report (Doc. 9), United States of America's Response in Support of Detention, (Doc. 20), and the Sealed Notice of Exhibit filed on June 22, 2023, (Doc. 21). Having considered the foregoing, and for the following reasons, the Court affirms the Order of the Magistrate Judge and orders the defendant be detained pending trial.

*I. Standard of Review and Applicable Law*

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the

1

person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615). The Magistrate Judge made specific findings to include that after being initially stopped by United States Border Patrol, Defendant fled at a high rate of speed with [his] Cadillac Escalade full of unrestrained aliens in the rear seats; that the vehicle had to be stop-sticked before it came to arrest; Defendant was physically combative with arresting agents; and that Defendant has a prior arrest and conviction for alien smuggling and high speed flight. The Magistrate Judge determined Defendant to be both a danger to the community and a risk of flight and that no condition or combination of conditions would assure the safety of the community or his appearance. (Doc. 15).

## II. Findings and Analysis

The United States' position is that the defendant should be detained because he is both a risk of flight and a danger to the community. In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> **(2)** the weight of the evidence against the person;
>
> **(3)** the history and characteristics of the person, including—
>
>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

With regard to the nature and circumstances of the offense, the Court notes Defendant's flight from law enforcement, twice, that that he fled at a high rate of speed; that the Border Patrol had to utilize a spike strip to bring the Defendant's vehicle to a stop; and his hostile and aggressiveness with the agents upon his arrest.

Next, with regard to the weight of the evidence, the criminal complaint depicts defendant was transporting multiple people in the vehicle he was driving, that he twice failed to comply with law enforcement, fleeing at a high rate of speed. One material witness transported him and his group to a stash house in El Paso the day before he picked them up.

Defendant's history includes a conviction for this same offense under very similar circumstances; that is, in 2018, he was convicted of (1) transporting illegal aliens and (2) high speed flight from immigration checkpoint, for which he was sentenced to 6-month concurrent sentences. Defendant's history also includes a 2016 conviction for DWI, resisting, evading or obstructing an officer and reckless driving. The Court also notes from Defendants more recent history a Failure to Appear in 2022.

The Court also notes Defendant's history of DUI, an inherently dangerous offense, as well as his history of putting the public, passengers and law enforcement at risk while evading law enforcement during an immigration offense.

Although not noted in the Pretrial Services Report, defense counsel states Defendant's motion is willing to post a bond. She also describes Defendants current medical condition from injuries sustained in a car accident as reasons to support his release.

*III. Conclusion*

Having considered the foregoing Section 3142(g) factors and the record de novo, the Court agrees with the Magistrate Judge's conclusion by a preponderance of evidence that Defendant is a risk of flight and by clear and convincing evidence Defendant is a danger to the community. The Court also agrees that no condition or combination of conditions will assure his appearance as required or the safety of the public.

IT ORDERED that

1. the Order of the Magistrate Judge (Docs. 8, 20) detaining Defendant is affirmed; and
2. Defendant shall remain in the custody of the United States Marshal pending trial.

_____
UNITED STATES DISTRICT JUDGE